RICHARD H. AYER *versus* NATHANIEL AUSTIN.          225

Where in trespass *de bonis asportatis* the defendant pleaded the general issue, and filed a brief statement alleging that as an officer he attached the goods as the property of a stranger, it was *held* that the plaintiff was entitled to the opening and closing argument before the jury, notwithstanding the defendant admitted at the outset that the property was once in the plaintiff and assumed the burden of proving a transfer to such stranger.

TRESPASS against the sheriff of Middlesex for taking the plaintiff's timber.

The defendant pleaded the general issue, and filed a brief statement, wherein he averred that the timber was attached by one Hunnewell, his deputy, on divers writs against Edward

---

[1] See *Johnson* v. *Hunt*, 11 Wendell, 135.
[2] See *Glover* v. *Austin, ante*, 221, 222.

and Henry Rogers, whose property at the time of the taking he alleged it to be, and so justified the taking, &c.

At the trial, before *Wilde* J., the counsel for the defendan admitted that the timber was once the property of the plaintiff, and that it still remained so, unless there had been a sale to the Rogerses. Upon this admission the defendant was called upon to make his defence, and his counsel contended, that as the burden of proof was thrown upon him by the admission, his counsel was entitled to begin and also to close the case ; but the judge ruled that the plaintiff's counsel was entitled to the close.

Upon a motion for a new trial, *Rand*, for the defendant, said that whether one party or the other shall open and close, depends upon the question, on whom is the burden of proof at first. Here we admitted that the property in the timber was once in the plaintiff, the only thing which it was incumbent on him to prove at the outset, and assumed the burden of showing that he had parted with it. We should therefore have been permitted to open and close. This was not a privilege, depending on the discretion of the judge, but a matter of right *Davis* v. *Mason*, 4 Pick. 156 ; [see 2nd ed. 159, note 2 ;] *Goodtitle* v. *Braham*, 4 T. R. 497 ; *Jackson* v. *Hesketh*, 2 Stark. R. 518 ; *Hodges* v. *Holder*, 3 Campb. 366 ; *Doe* v. *Corbett*, ibid. 368.

*Fletcher*, for the plaintiff.

PARKER C. J. delivered the opinion of the Court. On the point raised in this case, which is matter of practice only, we are all clear that the course of argument prescribed at tne trial was right. The general rule is, that the plaintiff, who has the burden of proof, shall have the general reply or closing argument. There has been an exception in our practice, only where the defendant by his plea admits the whole cause of action stated in the declaration, and undertakes to remove or defeat it by the matter set up in his bar. The cases have usually been trespass, where the defendant acknowledges the act, and claims in his plea the soil and freehold in himself, or some one under whom he acts as a servant or by license ; — slander, in which a justification only is pleaded ; — and debt on obligation, where the contract is admitted and

some matter of defeasance or discharge is pleaded. There are other cases depending upon the same principle, that is, where, by the pleadings, nothing essential to the action is left for the plaintiff to prove, and where the finding of the issue for the defendant depends upon affirmative proof by him. In all such cases, however, if the defendant pleads the general issue also, the r'ght of reply has been accorded to the plaintiff, even if on trial the defendant waives any proof on the part of the plaintiff to maintain that issue. This having been the uniform practice, according to the recollection of all of us, it is best to adhere to it, although in other cases, and in such as is before us, where the plaintiff was saved the trouble of proof to make out his case, by admission of the necessary facts, the reason may be quite as strong for giving this privilege to the defendant. The right of closing a cause is not very essential to the procurement of a right verdict, if the judge who presides is cautious in summing up the evidence. If, as in a neighbouring State, the court were mere silent spectators of forms without the right of charging the jury, the privilege of closing would be more worth contending for than with us, where the judge has the last word instead of the counsel.

*Motion for new trial overruled.*